UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (AKRON)

| | |
|---|---|
| LENA GOODMAN, | ) |
| | ) CIVIL COMPLAINT |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:20-cv-2298 |
| | ) |
| ADVANCED CAPITAL SOLUTIONS INC. | ) |
| | ) |
| Defendant. | ) **JURY DEMAND** |
| | ) |

**COMPLAINT**

Now comes LENA GOODMAN ("Plaintiff"), complaining as to the conduct of ADVANCED CAPITAL SOLUTIONS INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and the Ohio Consumer Sales Practices Act ("CSPA") under Ohio Rev. Code Ann. § 1345 *et seq.*

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391 as a substantial portion of the events giving rise to the claims occurred within this District and because Defendant's principal place of business is located in this District.

[ 1 ]

**PARTIES**

4. Plaintiff is a natural person residing in the State of Delaware.

5. Defendant is an Ohio corporation located in or around Canton.

**FACTS SUPPORTING CAUSES OF ACTION**

6. Years ago, Plaintiff incurred a debt.

7. On information and belief, this debt was a Walmart store brand credit card furnished through Synchrony Bank.

8. This debt was incurred by Plaintiff for personal purposes. Plaintiff is an ordinary consumer of limited means and used any credit obtained to pay everyday bills such as grocery bills, utility bills, medical bills, rent, and the like.

9. After Plaintiff defaulted on the credit card debt, Defendant received it and began to collect upon it.

10. Defendant called Plaintiff from the number 423-973-0324.

11. Defendant called Plaintiff repeatedly with back-to-back calls, flooding her phone with calls.

12. Defendant's repetitive calls were designed to make her telephone ring continuously.

13. On information and belief, Defendant's purpose was to harass Plaintiff.

14. Further, even though Plaintiff returned the calls to Defendant, Defendant never provided Plaintiff with any notice of debt collection.

15. Plaintiff, as a result, was not informed of her right to dispute the debt.

16. Plaintiff has suffered harassment and loss of rights.

[ 2 ]

### COUNT I — VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff realleges the paragraphs above as though fully set forth herein.

18. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

19. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purposes of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.

20. In the alternative, Defendant is a "debt collector" under § 1692(a)(6) because it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

21. The subject debt is a "debt" as defined by FDCPA § 1692a(5) because the debt owed or due or asserted to be owed or due to another arises out of a transaction for personal, family, or household purposes.

22. Defendant violated the FDCPA in the following ways:

    a. Violating § 1692d(5) by placing numerous calls to Plaintiff such that her phone rang continuously and repeatedly, with the purpose of harassing her;

    b. Violating § 1692g(a) by not providing Plaintiff with any notice of debt collection and statement of rights, as required by law.

### COUNT II — VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

23. Plaintiff realleges the paragraphs above as though fully set forth herein.

24. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

25. Plaintiff is a "person" as defined by R.C. 1345.01(B).

26. Defendant is a "supplier" as defined by R.C. 1345.01(C). *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

27. Debt collection is a "consumer transaction" as defined by R.C. 1345.01(A).

28. R.C. §1345.09(B) thus grants Plaintiff a private right of action against Defendant for $200 per violation of the CSPA, plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus attorney fees.

29. Defendant committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), when Defendant engaged in acts and practices in violation of the FDCPA as set forth above.

30. Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. 1345.01 *et seq*. *See, e.g.*, *Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03"); *see also Taylor v. First Resolution Invest. Corp.*, 148 Ohio St.3d 627 (Ohio 2016).

31. Plaintiff is entitled to actual and statutory damages for these actions.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

    a.    Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    b.    Awarding Plaintiff actual damages as provided under 15 U.S.C. § 1692k(a)(1);

    c.    Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

    d.    Awarding Plaintiff $200 per violation of the CSPA, plus noneconomic damages up to $5,000 per violation in an amount to be determined at trial, plus reasonable attorney fees (including a multiplier);

    e.    Awarding Plaintiff the costs of this action; and

    f.    Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated:  October 11, 2020

By:  s/ Jonathan Hilton

Jonathan Hilton (0095742)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
jhilton@hiltonparker.com
*Trial Attorney for Plaintiff*